UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HERRERA,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE SUPERIOR COURTS, *et al*,<br><br>    Defendants. | Case No. 1:17-cv-386-AWI-BAM<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>ORDER DENYING EDDIE PADILLA'S MOTION TO BECOME A PRIMARY LITIGANT (ECF No. 5)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Daniel Herrera ("Plaintiff"), is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff initiated this complaint on March 16, 2017. Plaintiff's complaint is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).

## II. Procedural History

Plaintiff filed his complaint on March 16, 2017. He names himself, as well as six other prisoners: Gabriel Olivarez, Eddie Padilla, Roland Hernandez, Juan Amesquita, and Cesar Madera, as Plaintiffs. On April 5, 2017, the Court granted Plaintiff's application to proceed informa pauperis. (ECF No. 3). On May 16, 2017, the Court's order granting Plaintiff's application to proceed informa pauperis was returned as undeliverable. Accordingly, on August 2, 2017, the Court issued Findings and Recommendations, recommending that Plaintiff's case be dismissed for failure to prosecute. (ECF No. 4).

On August 14, 2107, Eddie Padilla, an individual named in Plaintiff's complaint, filed a "Motion/Request by a Named Plaintiff to Become Primary Litigant." (ECF No. 5). On that same day, Plaintiff filed objections to the Findings and Recommendations stating his intention to prosecute this case. (ECF No. 6). On October 18, 2017, the Court vacated the Findings and

Recommendations and advised Plaintiff that his complaint would be screened in due course. (ECF No. 7).

### III. Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, CA. Plaintiff brings suit against (1) California State Superior Courts, (2) Department of Corrections-State Prisons, (3) Parole Hearing Board, and (4) California State Attorney General.

Plaintiff alleges he filed applications under Proposition 57, Sentence Reform Act, to be given effect to him, and it authorizes a court action as remedy should the government refuse to give Proposition 57 effect. The Defendants California Superior Courts, California Department of Correction and Rehabilitation, California Parole Hearing Board and the California State Attorney General have failed to give effect to Proposition 57. Plaintiff alleges he is eligible under Proposition 57 for a sentence reduction, as he is no longer considered a three-striker. In Claim I, Plaintiff alleges a denial of access to the Court. In Claim II, Plaintiff alleges false imprisonment. Plaintiff applied for the remedy and benefit of Proposition 57 and has been denied. In Claim III, Plaintiff alleges a Due Process violation based upon the same facts.

Plaintiff asks for an injunction or mandate to compel Defendants to act consistent with Proposition 57 and also asks for an award of damages for each day Plaintiff has spent in custody beyond his release date.

### IV. Discussion

As discussed more fully below, Plaintiff's complaint fails to state a cognizable claim. Plaintiff, however, will be given leave to amend his complaint.

#### A. Class Action

Plaintiff seeks to bring a class action. However, he may not do so. A non-attorney proceeding pro se may bring his own claims to court, but he may not represent others. *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo*, 213 F.3d at 1321. Therefore, this action will be

construed as an individual civil suit brought by plaintiff rather than as a class action.

Accordingly, because Plaintiff Daniel Herrera remains as the sole Plaintiff in this action, Eddie Padilla's Motion to Become the Primary Litigant is DENIED. (ECF No. 5). [1]

### B. Linkage and Eleventh Amendment

Plaintiff sues several State entities for alleged constitutional violations.

#### 1. Lack of Linkage

Most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676–7; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676–77; *Ewing*, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

#### 2. Institutional Defendants

Plaintiff names the California Department of Corrections-State Prisons, California State Superior Courts, Parole Hearing Board, and the Attorney General for the State of California as defendants in this action and seeks both monetary and injunctive relief.

Plaintiff is informed that the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California*, 191 F.3d 1020,

---

[1] Mr. Padilla is advised however, that he is not precluded from asserting his own claims by filing a separate suit.

4

1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), *cert. denied*, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." *Dittman,* 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr*., 554 F.3d 747, 752 (9th Cir. 2009). "However, under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" *Fireman's Fund*, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, (1997) (citing *Ex Parte Young*, 209 U.S. at 123).

In any amended complaint that he may file, Plaintiff should carefully consider who he may properly name as a defendant in this action.

**C.    Proposition 57**

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. *People v. Marquez*, 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a).  Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

This Court appears to be the only federal court that has had cause to screen a section 1983 complaint with similar allegations. *See Jones v. Cal. State Superior Courts,* No. 1:17-cv-00232-

DAD-BAM (PC), 2017 U.S. Dist. LEXIS 166506 (E.D. Cal. Oct. 5, 2017) (finding that no federal court has addressed the issue of Proposition 57 on screening); *but cf Hemingway v. CDCR (Sacramento)*, No. 2:17-cv-0534-JAM-CMK-P, 2017 U.S. Dist. LEXIS 212819 (E.D. Cal. Dec. 28, 2017) (Court noted that Plaintiff's complaint challenging the application of Proposition 57 had not been screened by the court, but suggested that to the extent that the complaint challenged Plaintiff's conviction it is not cognizable under § 1983). California state court cases addressing application of Proposition 57 are unpublished decisions (See Cal. Rules of Court 8.1115). They, nonetheless, uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for "parole consideration." Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency.

Further, Plaintiff's claim is not cognizable under §1983 as it asserts only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. *Swarthout v. Cooke*, 562 U.S. 216, 222, 131 S. Ct. 859, 863, 178 L. Ed. 2d 732 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). Plaintiff has not alleged that he qualifies for parole consideration under the requirements of Proposition 57, since Plaintiff alleges that the protocol for "parole consideration" has not yet been established. Plaintiff alleges he is "no longer a three striker," but this does not bring him within the language of Proposition 57. State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

**D.     A Section 1983 Lawsuit Cannot Challenge Duration**

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a

writ of habeas corpus.").

As explained below, in a § 1983 lawsuit, Plaintiff is restricted to limited procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner...habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Federal courts may order a new parole suitability hearing only under very limited circumstances that are not alleged here. *See Swarthout,* 562 U.S. at 219-20 (federal courts may not intervene in a BPH decision if minimum procedural protections were provided, *i.e*., an opportunity to be heard and a statement of the reasons why parole was denied). Thus, Plaintiff's claims are not cognizable to the extent he is seeking to order his immediate or speedier release.

### E. Due Process—Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." *Id.* The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest." *Swarthout*, 562 U.S.at 862. In the context of parole, the Supreme Court has held that the procedures required are minimal. *Swarthout*, 562 U.S. at 220 (internal citations omitted). *See also Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision....").

The court is not convinced that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility, of which Plaintiff cannot be

7

deprived without due process. Compare *Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711 (9th Cir. 2011) (holding that Oregon's murder review statute creates a liberty interest in early parole eligibility). Parole consideration of person who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the Court will grant Plaintiff leave to amend to allege that standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest have not been met, to the extent Plaintiff can do so in good faith.

**F.     Access to Court**

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4).

Here, Plaintiff has not alleged a constitution violation of access to court.

**G.     State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under

8

Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. Liberally construing the claims in the complaint, it appears that Plaintiff is bringing state law claims for false imprisonment. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. *See* 28 U.S.C. § 1367(c)(3). Leave to amend will be granted.

**V.     Conclusion and Order**

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Motion filed by Eddie Padilla to become the primary litigant in this matter is

9

DENIED; (ECF No. 5);

2. The Clerk's Office shall send Plaintiff Daniel Herrera a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 11, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE