# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HERRERA, | Case NO. 1:17-cv-386-AWI-BAM |
| Plaintiff, | FINDING AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| STUART SHERMAN, *et al,* | (ECF No. 9) |
| Defendants, | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Daniel Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 16, 2017. (ECF No. 1.) Plaintiff's complaint was screened and Plaintiff was granted leave to amend. (ECF No. 8.) Plaintiff's First Amended Complaint ("FAC") filed on February 16, 2018, is currently before the Court for screening. (ECF No. 9.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**II.     Allegations in Plaintiff's Complaint**

Plaintiff is housed at the California Substance Abuse Treatment Facility ("CSATF") located in Corcoran, California. Plaintiff brings suit against (1) S. Sherman, CSATF Warden; (2) K. Clites, Case Records Officer; (3) S. Kane, Parole Representative (4) Scott Kernan, Secretary of the California Department of Corrections and Rehabilitations ("CDCR").

Plaintiff alleges that on November 9, 2016, California voters adopted Proposition 57 language as California Constitution Article I, Section 32, which purportedly mandates that all persons convicted of nonviolent felony offenses be eligible for parole consideration after completing their primary offense. Plaintiff contends that he "has been denied the benefit of having his enhancements abrogated per Proposition 57 language that declared the enhancements and

consecutive sentences, including alternative sentences are to be excluded from the primary offense term to be served." (ECF No. 9, 3-4) Plaintiff alleges that Defendants Sherman, Clites, Kane, and Kernan all refuse to enforce state constitutional language.

Plaintiff further alleges that he has been denied an adequate remedy to redress the continued violations of his civil rights as all the appeals at the administrative level are being rejected or not answered. Plaintiff asserts that he was and is entitled to have his term of imprisonment adjusted to include abrogation of consecutive, alternative and enhancement terms which would cause his term to be reduced. Plaintiff contends that this has been denied by Defendants Sherman, Clites, Kane, and Kernan. Plaintiff also states that "California Constitution Article I, Section 32 created a void judgment situation when the Plaintiff's sentencing credits and remining [sic] term now require an amended abstract of judgment, which this court may grant an injunction to facilitate." (*Id*. at 5.)

Plaintiff purports to bring a cause of action for violation of the Eighth Amendment to the United States Constitution, and seeks declaratory and injunctive relief.

### III. Discussion

#### A. Linkage Requirement

Most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676–7; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676–77; *Ewing*, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act

to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

Plaintiff fails to link Defendants Sherman, Clites, Kane, and Kernan to any deprivation of his rights. Plaintiff may not simply refer to their titles or duties and determine that they did not follow the law. Instead, Plaintiff's complaint must link each individually named defendant to an alleged deprivation of his rights and state what he did or did not do. To the extent plaintiff is alleging a claim under Proposition 57 against the named defendants, he does not explain how any actions they took impacted a parole determination. Insofar as Plaintiff is attempting to bring suit against Defendant Sherman, Clites, Kane, and Kernan in their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### B. Proposition 57

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. *People v. Marquez,* 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

This federal court appears to be the only district that has had cause to screen a section 1983 complaint with similar allegations. *See Daniels v. Cal. Dep't of Corr. & Rehab.*, No. 1:17-cv-

00232-AWI-BAM, 2018 WL 1726638 (E.D. Cal. April 9, 2017) (finding few California federal courts have had cause to screen section 1983 complaint with largely identical allegations); *Jones v. Cal. State Superior Courts*, No. 1:17-cv-00232-DAD-BAM (PC), 2018 WL 2287952, 2017 U.S. Dist. LEXIS 166506 (E.D. Cal. Oct. 5, 2017) (finding that no federal court has addressed the issue of Proposition 57 on screening); *but cf Hemingway v. CDCR* (*Sacramento*), No. 2:17-cv-0534-JAM-CMK-P, 2017 U.S. Dist. LEXIS 212819 (E.D. Cal. Dec. 28, 2017) (Court noted that Plaintiff's complaint challenging the application of Proposition 57 had not been screened by the court, but suggested that to the extent that the complaint challenged Plaintiff's conviction it is not cognizable under § 1983). California state court cases addressing application of Proposition 57 are unpublished decisions (See Cal. Rules of Court 8.1115). They, nonetheless, uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for "parole consideration." Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency.

Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States, not state law. *Swarthout v. Cooke*, 562 U.S. 216, 222, 131 S. Ct. 859, 863, 178 L.Ed.2d 732 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Plaintiff has not alleged that he qualifies for parole consideration under the requirements of Proposition 57.

///

///

///

## C. A Section 1983 Lawsuit Cannot Challenge Duration

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

In a § 1983 lawsuit, Plaintiff is restricted to limited procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner . . . habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Federal courts may order a new parole suitability hearing only under very limited circumstances that are not alleged here. *See Swarthout*, 562 U.S. at 219-20 (federal courts may not intervene in parole decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied). Thus, Plaintiff's claims are not cognizable to the extent he is seeking to order his immediate or speedier release.

## D. Appeals Process

Plaintiff complains about the administrative appeals process at his institution. However, Plaintiff may not pursue any claims against CDCR staff relating to the processing or review of his administrative appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)

///

///

///

### E. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3).

### F. Eighth Amendment

The Eighth Amendment to the United States Constitution imposes on the states an obligation to provide for the basic human needs of prison inmates. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Id.* at 825, 834. To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id*. at 834. While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones." *Id*. (citation omitted*); see also Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).

Here, Plaintiff asserts that the Defendants have subjected him to cruel and unusual punishment by denying him an adequate remedy for violation of his civil rights and rejecting his

appeals. However, Plaintiff does not state an Eighth Amendment cruel and unusual punishment claim, because he has not alleged that prison officials deprived him of humane conditions of confinement—only that they continued to confine him beyond when he believes he should have been released under Proposition 57. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (noting that the Eighth Amendment prohibits using excessive physical force against prisoners and requires that officials provide humane conditions of confinement). Plaintiff has not alleged that he has been deprived of the basic human needs of inmates. Without more, the conditions Plaintiff is complaining of—ongoing confinement—are not sufficient to form the basis of an Eighth Amendment claim.

### IV. Conclusion & Recommendation

For the reasons discussed above, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under section 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint by amendment. Therefore, further leave to amend is not warranted in this action. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted without leave to amend;
2. The state law claims, if any, be dismissed without prejudice;
3. Plaintiff's motion for injunctive relief be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 15, 2018**__     _____/s/ Barbara A. McAuliffe_____
                                    UNITED STATES MAGISTRATE JUDGE